**Louise HORACE, Plaintiff-Respondent,**

v.

**NATIONAL SUPER MARKETS, INC., Defendant-Appellant.**

**No. 50526.**

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 19, 1986.

---

1. The motion of John H. Mitchell to intervene is   denied.

[redacted]

Diane M. Sontag, St. Louis, for defendant-appellant.

Fox, Goldblatt & Singer, Inc., Ray E. White, III, St. Louis, for plaintiff-respondent.

SMITH, Judge.

Defendant appeals from a $5,000 verdict and judgment against it in a slip and fall case. Defendant's only point on appeal is that the plaintiff failed to make a submissible case. We affirm.

Plaintiff testified that as she was shopping in the produce department of defendant's store she slipped and fell. A rubber-backed carpet upon which she was standing slipped and there was "quite a bit" of water under the mat. The top of the mat was "soaked." Defendant's employees disputed the presence of water. The jury was free to disregard that testimony. There was testimony in both plaintiff's case and defendant's that produce remaining from the previous day is washed in tubs on the floor prior to the opening of the store in the morning. The floor is then mopped and dried and the mats are placed on the floor. The testimony did not deal with the specific activities of the day of the accident but rather with the normal procedures of the store.

From this testimony it is reasonable to infer that the standard procedure for cleaning the produce occurred, that the water got on the floor at the time the produce was cleaned in the morning and that defendant's employees failed to remove it prior to replacing the mats before the store opened. The accident occurred in the early afternoon. The amount of water described, its location under the mat, and the testimony that the mat was soaked warrants the conclusion that the water was not there because of the actions of another customer shortly before the accident. Defendant has hypothesized no explanation for the presence of the water either here or at trial. The evidence was sufficient to support the verdict. *Van Brock v. First Nat. Bank in St. Louis,* 349 Mo. 425, 161 S.W.2d 258 (1942).

Plaintiff's motion for damages for frivolous appeal is denied.

Judgment affirmed.

SNYDER, C.J., and CARL R. GAERTNER, P.J., concur.